**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**M.F., individually and on behalf
of her minor child, V.G.,**             **5:17-cv-1385**
       **Plaintiff,**                  **(GLS/ATB)**

       v.

**NEW YORK STATE EDUCATION
DEPARTMENT,**

       **Defendant.**
_____

## SUMMARY ORDER

Pending is defendant New York State Education Department's (SED) motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 35.) For the reasons that follow, the motion is granted.

The court assumes the parties' familiarity with the underlying facts[1] and its prior Memorandum-Decision and Order. (Dkt. No. 28 at 3-9.) Plaintiff M.F.'s sole remaining claim—brought on behalf of herself and her minor son, V.G.—against SED is a systemic violation claim under the Individuals with Disabilities Education Act (IDEA). (Am. Compl., Dkt.

---

[1] The amended complaint, which was filed in accordance with the March 29, 2019 Memorandum-Decision and Order, (Dkt. No. 29), does not alter the underlying facts.

No. 29 at 40-41.[2])

M.F. alleges that SED's policies "prohibit parents appealing due process decisions before the [state review officer (SRO)] from challenging the record on appeal produced by school districts and" that "there is no uniform standard for what records on appeal should look like, how . . . exhibits should be labeled, or how what [sic] the copy the district serves on the parent should look like." (*Id.* at 35.) She claims that there is "no avenue for parents to challenge the sufficiency of records on appeal produced by [the district] to the SRO," and, as a result, parents "are left at a disadvantage when citing to documents in the record." (*Id.*) In sum, according to M.F., SED's "current policies prevent parents from properly litigating appeals to the SRO and thereby deprive parents of due process rights." (*Id.*)

In its now-pending motion, SED seeks dismissal on the following grounds: (1) M.F.'s conclusory allegations fail to identify the existence of a systemic problem; (2) M.F. fails to specifically identify which SED policy/policies allegedly result in a systemic violation of the IDEA; (3) M.F. fails to plausibly allege that SED's policies "actually prejudiced [M.F.]

---

[2] This citation refers to the CM/ECF-generated page numbers, because M.F. duplicates paragraph numbers and lists them out of order. (Dkt. No. 29.)

during the administrative review process," and any prejudice allegedly suffered is belied by her own allegations that the documents she sought to produce to the SRO were, in fact, produced by the district; and (4) general compensatory and punitive damages are unavailable under the IDEA. (Dkt. No. 35, Attach. 1 at 1-2.)

In response, M.F. maintains that she has sufficiently pleaded a deprivation of parents' due process rights when challenging the sufficiency of records on appeal. (Dkt. No. 42 at 2-3.) As to her identification of SED's policies that allegedly result in a systemic violation of the IDEA, M.F. appears to maintain, rather confusingly, that SED's citations, in its memorandum of law, to 8 N.Y.C.R.R. §§ 200.5, 200(j)(5)(vi), and 279.9 establish that M.F. herself has identified these policies. (*Id.* at 2.) Next, as to the prejudice suffered, M.F. asserts that she was "unable to properly cite to the record on appeal and this prejudiced her ability to properly appeal," and that "[i]t is not a far reach for any finder of fact to conclude that a record on appeal that was 'lacking documents and tabbed in a confusing manner with numbers and letters' would be prejudicial to a party on appeal." (*Id.* at 3, 6.) Lastly, as to damages, M.F. maintains that the IDEA allows for awards of attorney's fees, and that her complaint asks the court

3

to "grant further and different relief as [the court] deems equitable and proper." (*Id.* at 4.)

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

As applicable here, a claim is "systemic" where the complaint "implicates the integrity of the IDEA's dispute resolution procedures themselves, or requires restructuring the education system itself in order to comply with the dictates of the IDEA." *French v. N.Y. State Dep't of Educ.*, No. 5:04-CV-434, 2010 WL 3909163, at *9 (N.D.N.Y. Sept. 30, 2010) (internal quotation marks, alteration, and citation omitted). Systemic claims under the IDEA have been recognized where the plaintiff has alleged a "pattern and practice of systematic IDEA violations unable to be addressed at the due process hearings provided in New York." *Id.* (internal quotation marks, alterations, and citation omitted).

Here, M.F.'s allegations are too conclusory and implausible to support a systemic violation claim. For example, despite M.F.'s contention that her claim "affects all similarly situated parents," and that "the current

4

policy allows unscrupulous school districts, like [her child's] school district, to take unfair advantage over parents during appeals," (Dkt. No. 42 at 5), she seeks relief on behalf of her and her son, and her allegations focus on her individual experience during the appeals process, (Am. Compl. at 35-37, 40-41). More specifically, M.F. asserts that "[t]he record sent to [her] here was lacking documents and tabbed in a confusing manner with numbers and letters, forcing [her] to cite to documents as entitled and not as tabbed in the record presented before the SRO." (*Id.* at 36.) There is no basis for the court to plausibly infer from these allegations that a SED policy systemically contributes to a deprivation of all parents' due process rights. *See Canton Bd. of Educ. v. N.B.*, 343 F. Supp. 2d 123, 128 (D. Conn. 2004) ("To sustain a claim of a systemic violation, [p]laintiff would have to allege that a lack of training has rendered the process of handling IDEA claims non-compliant with due process hearing *in a substantial number of other proceedings*, thus calling into question the resolution process in general. Without more, there is no reason to assume that such training is necessary or that its lack systemically contributes to due process violations." (emphasis added)).[3]

---

[3] Successful "systemic" violations are often found "when the conduct alleged to have violated IDEA affected *all students* in a given program," as opposed to its affect on an

5

Further, as noted by SED, M.F.'s argument that SED's policy "leaves open the possibility for unscrupulous school districts to tilt the appeals process in their favor thereby prejudicing parents and depriving them of their rights to due process," (Dkt. No. 42 at 5), is entirely conclusory and conjectural, and the amended complaint provides no factual allegations to support such an inference, (Dkt. No. 44 at 4). Rather, the amended complaint asserts only that "[s]chool districts *can* be selective in the documents they produce as part of the record and deprive the SRO of crucial information needed to decide an appeal." (Am. Compl. at 36 (emphasis added).) Further emphasizing the conjectural nature of the allegations, M.F. concedes that the SRO ordered the district to submit all required documents, which contradicts her assertions that the district "can be selective" and "deprive the SRO of crucial information." (*Id.*)

Because M.F.'s conclusory allegations fail to state a claim, dismissal is appropriate. *See Mr. & Mrs. "B" ex rel. "C.B." v. Bd. of Educ. of Syosset*

individual. *Kalliope R. ex rel Irene v. N.Y. State Educ. Dep't*, 827 F. Supp. 2d 130, 139 (E.D.N.Y. 2010) (emphasis added). For example, in *Mrs. W. v. Tirozzi*, the Second Circuit concluded that the plaintiffs sufficiently plead a "systemic" violation because the plaintiffs' complaint, brought by the parents of handicapped children and Connecticut Legal Services, on their own behalf and on behalf of others similarly situated, "allege[d] a pattern and practice of systematic . . . violations" regarding *all* handicapped children in its school system. 832 F.2d 748, 757 (2d Cir. 1987). However, here, M.F.'s allegations refer to her individual experience, whereby it was difficult for her to make persuasive arguments to the SRO because of the confusing nature of how the record was assembled and served on her. (Am. Compl. at 36-37.)

6

*Sch. Dist*., No. 96-CV-5752, 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998) ("The allegations of the complaint fall well short of demonstrating a systemic violation of federal or state law. . . . [and] the [c]ourt is persuaded by those cases that have held that broad and conclusory allegations that SED has failed to meet its statutory responsibilities do not state a claim under the IDEA.").

Accordingly, it is hereby

**ORDERED** that SED's motion to dismiss (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED** that M.F.'s amended complaint (Dkt. No. 29) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 10, 2020
Albany, New York

*Gary L. Sharpe*
U.S. District Judge